**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

Benjamin Ashenburg,

Plaintiff,

v.

City of South Bend; Martin Mullins and
Michael Stuk, individually and in their
official capacity as South Bend Police
Officers; Alvin Taylor, Kayla Dawson,
Harrison Rich, and Jeremy Reed,
individually and in their official capacity
as Indiana State Excise Police officers,

Civil Action No. 3:12-CV-427-JVB

Defendants.

## OPINION AND ORDER

In this § 1983 lawsuit, the City Defendants have asked the Court to reconsider its Order

denying their request for summary judgment regarding the issue of municipal liability under

§ 1983. Specifically, the City Defendants assert that the City itself cannot be liable under § 1983

because Plaintiff is unable to point to any unconstitutional policy or practice.

A motion to reconsider is appropriate when: (1) a court misunderstands a party; (2) a

court decides an issue outside the adversarial issues presented by the parties; (3) a court makes

an error of apprehension, as opposed to an error of reasoning; (4) a significant change in the law

has occurred; or (5) significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d

846, 860 (7th Cir. 2011). While none of these situations is present here, the Court will briefly

address the City Defendants' motion for clarity.

In viewing the facts presented on a motion for summary judgment, a court

construes all facts in a light most favorable to the non-moving party and draws all legitimate

inferences and resolves all doubts in favor of that party. *Keri v. Bd. of Trs. of Purdue Univ*., 458

F.3d 620, 628 (7th Cir. 2006); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir.

1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994); *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986); *Doe*, 42 F.3d at 443.

Plaintiff contends that the officers were "acting in accordance with City policies or practices in . . . shooting the plaintiff with a 'taser' gun." (DE 65, Resp., at 22.) This supported by City Defendants' Response to Interrogatories that states the City Defendants were "acting in accordance with City policies or practices" in their use of the taser. (DE 65-4, Ex. A, at 2.) Plaintiff is presumably inferring that as a result of this municipal policy or standard practice he was deprived of a constitutional right. Defendant only counters that the policy in question "in itself is not unconstitutional." (DE 72, Mot., at 2.) With these facts, the Court is unable to find that "no reasonable jury could find for the nonmoving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994). There is not enough factual development and evidence, from either side, to make such a determination. Accordingly, City Defendants' Motion for Reconsideration (DE 72) is denied.


SO ORDERED on January 6, 2014.


      s/ Joseph S. Van Bokkelen
      JOSEPH S. VAN BOKKELEN
      UNITED STATES DISTRICT JUDGE